**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

ANTONIO ADESSI,

Plaintiff,

v.

Case No. _______________

ERIC S. BYSTROM,

Defendant.

_____________________/

# COMPLAINT

Plaintiff, ANTONIO ADESSI ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint for copyright infringement against Defendant ERIC S. BYSTROM ("Bystrom" or "Defendant"), and states as follows:

## INTRODUCTION

1. This lawsuit arises from Defendant's willful infringement of Plaintiff's copyrighted home plans. After Plaintiff spent months developing plans for a custom home in Panama City Beach, Florida, the Defendant had the plans replicated.

2. Defendant then used these infringing plans to construct a home located just a two-minute drive away in Panama City Beach.

3. During the design process, Defendant also removed copyright management information ("CMI") from Plaintiff's plans.

## JURISDICTION

4. This is an action for injunctive and other relief under the Copyright Act of 1976, 17 U.S.C. §101, *et seq*., for copyright infringement pursuant to 17 U.S.C. §501.

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b) and the Copyright Act, and 17 U.S.C. §101, *et. seq*.

## PARTIES

6. Plaintiff is an individual who resides at 1310 Cherry Street, Panama City, FL 32401.

7. Defendant is an individual who owned the property at 317 Le Grand Drive, Panama City Beach, FL 32413, and resides at 2807 S. 50th Street, Omaha, Nebraska 68106.

## PERSONAL JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant because:

a. he has operated, conducted, engaged in, or carried on a business or business venture in this State, and in this District, within the meaning of Fla. Stat. §48.193(1)(a)(1). This includes the construction, offer for sale, and sale of the infringing home at 317 Le Grand Drive, in Panama City, Beach, FL 32413;

b. he has committed tortious acts within this State, and in this District, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(a)(2);

c. he has owned, used, possessed, or held a mortgage or other lien on real property within this State, and in this District, within the meaning of §48.193(1)(a)(3); and/or

d. he has caused injury to the property of Plaintiff within this state, and in this District, within the meaning of Fla. Stat. §48.193.

9. Personal jurisdiction is also proper because Defendant has engaged in substantial and not isolated activity within this State, and in this District, within the meaning of Fla. Stat. §48.193(2). This includes the construction, offer for sale, and sale of the infringing home at 317 Le Grand Drive, in Panama City, Beach, FL 32413.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to this action occurred in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of property that is the subject of the action is situated in this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because the Defendant is subject to the Court's personal jurisdiction in this District,

for the reasons mentioned above.

13. Pursuant to Northern District Local Rule 3.1, venue is proper in the Panama City Division because the events and omissions giving rise to this action occurred in Bay County, Florida.

## GENERAL ALLEGATIONS

14. Plaintiff is a Florida registered architect, who has worked all over the world and has residential and commercial projects in a number of cities.

15. Plaintiff often works with homeowners, local builders, and/or structural engineers.

16. Because the design process is integral to Plaintiff's business model, Plaintiff ensures that the copyrights in his home plans are protected (including through copyright registrations).

### The Creation of Plaintiff's Plans

17. Plaintiff owns the copyright in the architectural plans (the "Plans") for the design of the residence that is located at 21619 Dolphin Avenue, Panama City Beach, FL 32413 (the "Dolphin Avenue residence"). A copy of the Plans, submitted as deposit materials to the United States Copyright Office in connection with applications to register the copyrights in the Plans, is submitted herewith as **Exhibit A**.

18. The Plans were completed in 2024, and the Dolphin Avenue residence

was thereafter constructed by Adam Reid of Salt Luxury Builds ("Reid").

19. Effective September 27, 2025, Plaintiff's copyright in the Plans was registered as an architectural work with the United States Copyright Office. *See* Copyright Registration No. VA 2-465-763, submitted herewith as part of **Composite Exhibit B**.

20. Effective April 20, 2026, Plaintiff's copyright in the Plans was registered as a technical drawing with the United States Copyright Office. *See* Copyright Registration No. VA 2-507-542, submitted herewith as part of **Composite Exhibit B**.

21. Effective August 18, 2026, Plaintiff obtained a supplementary federal copyright registration in the Plans as an architectural work with the United States Copyright Office. *See* Copyright Registration No. VA 2-521-350, submitted herewith as part of **Composite Exhibit B**.

22. Registration Nos. VA 2-465-763, VA 2-507-542, and 2-521-350 will be collectively referred to herein as the "Registrations."

23. Plaintiff is the owner/claimant with respect to the Registrations.

24. In addition to original authorship of the spaces and design elements in the Plans, these spaces and elements were arranged and compiled into an original work that is distinct. The choice as to the selection and coordination of these elements constitutes protected, copyrighted work.

25. As the holder of a copyright in the Plans, Plaintiff has protection in the "architectural work" under 17 U.S.C. § 102(a)(8), including "derivative works" under 17 U.S.C. § 103(a). This protection affords Plaintiff the "exclusive rights to do and to authorize any of the following":

a. to reproduce the copyrighted work in copies[1] or phonorecords;

b. to prepare derivative works based upon the copyrighted work;

c. to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

17 U.S.C. § 106(1)-(3).

Defendant's Copyright Infringement

26. Well after the completion of the Plans, Reid received a telephone call from Defendant inquiring about the Dolphin Avenue residence. Defendant presented himself as a real estate agent with clients interested in the residence.

27. Unaware of Defendant's true intentions, Reid spoke with Defendant about the Dolphin Avenue residence and provided Defendant the Multiple Listing Service ("MLS") information associated with it.

[1] "Copies" are defined in the Copyright Act as "material objects . . . in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. The term 'copies' includes the material object . . . in which the work is first fixed." 17 U.S.C. § 101.

28. Approximately four months later, Defendant approached Reid again at another job site. During that unexpected encounter, Defendant asked them construction-related questions and mentioned that he was going to be building a home.

29. Shortly thereafter, Plaintiff discovered Defendant was already in the process of *framing* a home located at 317 Le Grand Drive, Panama City, Beach, FL 32413 (the "317 Grand Drive Home").

30. The 317 Grand Drive Home is only a two-minute drive (or nine-minute walk) from the Dolphin Avenue residence.

31. The 317 Grand Drive Home was advertised online as a five-bedroom, five-bathroom house containing 2,572 square feet.

32. On or around August 28, 2026, the 317 Grand Drive Home sold for approximately $1.6 million.

The Plans and Infringing Plans/Home are Substantially Similar

33. The plans for, and physical structure of, the 317 Grand Drive Home are identical or, at the very least, substantially similar in scale, layout, dimensions, door placement, window packages, etc. to the Plans for the Dolphin Avenue residence.

34. The architectural plans for the 317 Grand Drive Home (the "Infringing Plans") are virtually identical to Plaintiff's registered Plans.

35. Defendant has also infringed upon Plaintiff's copyright by constructing

the 317 Grand Drive Home (the "Infringing Home").

36. The Plaintiff's Plans and the Defendant's Infringing Plans/Home are substantially similar both from an interior and exterior perspective. These similarities include protected elements of the Plans.

37. For example, uncommon, protectable elements shared between interiors and exteriors of Plaintiff's Plans and the Defendant's Infringing Plans/Home, include without limitation, the following:

a. First Floor Interior:

i. An entrance underneath a covered porch;

ii. A powder room off of an entryway/foyer;

iii. A bedroom with a walk-in closet and bathroom that shares a wall with a garage and with windows facing out of the front of the home;

iv. A kitchen with an island containing a sink that faces a living room and dining room;

v. An open floor plan living and dining room that is accessible to a covered back porch; and

vi. An outdoor shower located behind a garage and off of the pool deck; and

vii. A garage extending from a first-floor bedroom to a dining room.

b. Second Floor Interior:

i. Four second-floor bedrooms;

ii. Two of the five second-floor bedrooms that are located at the back of the home and that have a shared bathroom that connects both bedrooms; and

iii. One of the five second-floor bedrooms that is located to the front of the home and that has private access to a second-floor balcony.

c. Front Exterior:

i. Low-pitched roofs with exposed rafter tails in overhang design;

ii. An eight-foot-tall entry door with a single transom window overhead;

iii. On the first floor, a grouping of six PGT-branded windows in a cluster (three 30-inch by 72-inch windows with three transom windows directly overhead and a grid design of what is called an eight-divide for the tall windows and a two-divide for the transom windows);

iv. On the second floor, a grouping of three PGT-branded windows in a cluster (three 30-inch by 72-inch windows with a grid design of what is called an eight-divide);

v. Second-floor exterior spaces;

vi. Balconies positioned near the outer sides of the façade rather than centered;

vii. Split materials (i.e., brick or stucco and fiber-cement);

viii. Attached garage occupying one side of the first floor;

ix. Tall rectangular windows; and

x. Upper levels with horizontal lap siding

d. Side Exterior:

i. A cluster of six PGT-branded windows (with two rows of three windows each) accenting an interior stairwell leading from the first floor to the second floor.

e. Back Exterior:

i. Low-to-medium-pitched roofs with exposed rafter tails in overhang design;

ii. A broad, covered back porch;

iii. On the first floor, a grouping of "French" doors that measure 72-inches by 96-inches tall with a transom window overhead (with an eight-divide for the door and a four-divide for the transom window);

iv. On the first floor, a cluster of two 30-inch by 72-inch PGT-

branded windows with transom windows directly overhead on either side of the door (with the windows having an eight-divide and transoms containing a two-divide);

v. A grouping of windows near the center of the second floor;

vi. Large glass opening connecting an interior living room with a covered back porch;

vii. Tall rectangular windows;

viii. Split materials (i.e., brick or stucco and fiber-cement);

ix. Several exterior doors opening onto a covered back porch;

x. An outdoor "summer" kitchen; and

xi. Upper levels with horizontal lap siding.

38. Additionally, Plaintiff's Plans and the Defendant's Infringing Plans/Home all reflect two-story homes.

39. As noted above, the Infringing Plans/Home include many of the same dimensions as those shown in Plaintiff's Plans.

40. The Plaintiff's Plans and the Infringing Plans/Home reflect protectable elements, which were first expressed in the Plaintiff's Plans. These protectable elements form part of the overall expression of the Plaintiff's Plans.

41. Defendant caused these unique elements to be incorporated into the Infringing Plans/Home without Plaintiff's knowledge or consent.

42. In doing so, Defendant caused the Infringing Plans/Home to be substantially similar to Plaintiff's Plans.

43. The similarities set forth above (along with others) encompass Plaintiff's unique expression and coordination of spaces and elements.

44. The similarities go beyond the mere layout and the number of bedrooms or bathrooms. Rather, the Infringing Plans/Home are so substantially similar to the Plans that the Infringing Plans/Home contain Plaintiff's original expression in the Plans.

45. The respective plans are nearly identical in numerous respects, including the manner in which the individual features are compiled and arranged.

Plaintiff's Demand to Defendant to Cease and Desist

46. On January 20, 2026, Plaintiff by counsel sent a letter to the Defendant, demanding that he cease-and-desist using the Plans, among other demands.

47. Despite Plaintiff's efforts, the dispute remains unresolved.

48. Defendant has committed acts of direct or indirect infringement.

49. Defendant has engaged in, contributed to, caused, or induced acts of infringement.

50. Plaintiff has been and will continue to be damaged by the acts of Defendant alleged herein.

51. Plaintiff has been and will continue to be irreparably harmed by the acts

of Defendant alleged herein.

52. Plaintiff has no adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

53. Plaintiff readopts and realleges the allegations in Paragraphs 1 through 52, as if fully set forth herein.

54. Plaintiff sues Defendant under 17 U.S.C. § 501(a) & (b) for infringing upon his exclusive rights in the Plans pursuant to 17 U.S.C. §§ 102(a)(8), 103(a), & 106(1)-(3).

55. Plaintiff is the exclusive owner of the copyright in the Plans.

56. The Plans incorporate protected elements. Those protected elements encompass Plaintiff's unique expression and coordination of spaces and elements.

57. The protected elements of the Plans are, in part, described in Paragraph 38 of this Complaint.

58. Defendant caused the Plans to be reproduced and distributed. Defendant also caused a derivative work to be created using the Plans, including the Infringing Plans/Home, all without Plaintiff's permission. This infringed upon Plaintiff's exclusive rights in the Plans pursuant to 17 U.S.C. §§ 102(a)(8), 103(a), & 106(1)-(3).

59. Defendant directly copied the Plans. Defendant intended to create – and did in fact create – plans and a home that are substantially similar to the Plans.

Defendant utilized the Plaintiff's Plans to do so.

60. Defendant's conduct in causing the Plans to be reproduced and distributed without Plaintiff's permission, and in causing a derivative work to be created using the Plans (including with Infringing Plans/Home) without Plaintiff's permission, was willful. This is evidenced by Defendant constructing a home with a design that is substantially similar to the Plaintiff's Plans, including the protected elements thereof, on a lot only two minutes away by car.

61. Defendant's acts and the Infringing Plans/Home have damaged and will continue to damage Plaintiff.

62. Defendant's acts and the Infringing Plans/Home have irreparably harmed and will continue to irreparably harm Plaintiff.

WHEREFORE, Plaintiff requests that he be granted the relief sought in the Prayer for Relief, below.

## COUNT II – REMOVAL AND/OR ALTERATION OF CMI AND DISTRIBUTION OF DOCUMENTS WITH REMOVED AND/OR ALTERED CMI

63. Plaintiff readopts and realleges the allegations in Paragraphs 1 through 52, as if fully set forth herein.

64. Plaintiff sues Defendant under 17 U.S.C. § 1202(b) for the removal and/or alteration of his CMI and distribution of the same.

65. Upon information and belief, Defendant removed Plaintiff's CMI from

the Plans. Defendant removed and/or altered the CMI contained on the Plans in order to aid in his infringement upon Plaintiff's copyright in the Plans.

66. Defendant's acts and the Infringing Plans/Home have damaged and will continue to damage Plaintiff.

67. Defendant's acts and the Infringing Plans/Home have irreparably harmed and will continue to irreparably harm Plaintiff.

WHEREFORE, Plaintiff requests that he be granted the relief sought in the Prayer for Relief, below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That Defendant, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

i. From reproducing, distributing, or otherwise using or contributing to the reproduction, distribution or use of the Infringing Plans/Home, and any substantially similar or derivative works, and any other works found infringing;

ii. From using the Infringing Plans/Home or any architectural design substantially similar to Plaintiff's Plans; and

iii. From otherwise infringing any copyright owned by Plaintiff.

B. That, pursuant to 17 U.S.C. §503, the Court order an impounding, and that the Defendant be ordered to deliver up to Plaintiff or his attorneys all copies claimed or shown to have been made or used in violation of Plaintiff's exclusive rights, including the Infringing Plans/Home, including all plates, molds, matrices, masters, computer files, tapes, films, negatives or other articles by means of which such copies are or may be reproduced.

C. That Defendant be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs A through B.

D. That Plaintiff recover temporary injunctive relief, made permanent, pursuant to 17 U.S.C. § 502, to prevent the further infringement upon the Plans;

E. That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts involving copyright infringement pursuant to 17 U.S.C. § 504(b), or, in the alternative and upon timely request, statutory damages pursuant to 17 U.S.C. §504(c), including enhanced statutory damages for willful infringement.

F. That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts involving the removal or altering CMI pursuant to 17 U.S.C. §1203 or, in the alternative and upon timely request, statutory damages

pursuant to 17 U.S.C. §1202, including enhanced statutory damages for willful infringement.

G. That Plaintiff recover both prejudgment and post-judgment interest on each and every award.

H. That Plaintiff recover his attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. § 505.

I. That Plaintiff have other and such further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: September 22, 2026

Respectfully submitted,

*/s/Cleo Suero*
Oliver Alan Ruiz
Florida Bar No. 524,786
oruiz@malloylaw.com
Cleo Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
**MALLOY & MALLOY, P.L.**
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone: (305) 858-8000

*Counsel for Plaintiff*